UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

COURT FILE NO.: CV - _____

---

DANIEL DRABKIN

              Plaintiff,                       **COMPLAINT**

   -against-

ABC FINANCIAL SERVICES, INC.

              Defendant.

---

For this complaint, the Plaintiff Daniel Drabkin by his attorney, Mikhail Usher, Esq., states as follows:

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d) and 15 U.S.C. § 1681.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA").

3. Venue and personal jurisdiction are proper in this District because a substantial part of the events and omissions giving rise to the claim occurred within this district.

    A. Defendant's collection communications were received by Plaintiff in this district;

    B. Defendant does or transacts business in this district;

    C. Plaintiff resides in this district;

    D. Defendant has it's principle place of business in this district or conducts business in this district.

## PARTIES

4. Plaintiff is an individual person who resides in Brooklyn, New York.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) since he is a natural person *allegedly* obligated to pay a debt.

6. Defendant, ABC FINANCIAL SERVICES (hereinafter "ABC") is a corporation located in Sherwood, Arizona..

7. Defendant operates as a collection agency and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant is a company that used the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant repeatedly contacted Plaintiff in attempts to collect a debt.

10. Defendant ABC at all times acted by and through one or more of its agents, employees, officers, members, directors, heirs, successors, assigns, principles, trustees, sureties, subrogees, representatives, insurers and collectors.

## FACTUAL ALLEGATIONS

11. Plaintiff is a "Consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

12. Plaintiff was sent collection letters and/or notices from Defendant attempting to collect an obligation owed to or allegedly owed to RETRO FITNESS AVENUE Y, in which Defendant improperly attempted to collect same, in violation of 15 U.S.C. § 1692 *et seq.*

13. RETRO FITNESS AVENUE Y, directly or through an intermediary, contracted Defendant to collect its alleged debt.

14. At a time unknown to the Plaintiff, the aforementioned debt was consigned, placed or otherwise transferred to Defendant for collection;

15. Defendant persisted in repeatedly and continuously calling Plaintiff on his cellular telephone at a time and place that was inconvenient for Plaintiff;

16. Defendant called Plaintiff during school and working hours on his cellular telephone after being repeatedly informed by the Plaintiff that he could not speak at that time due to being at his place of employment;

17. Defendant called Plaintiff approximately four (2) times per day at least four (4) times per week;

18. The harassing telephone calls in question, perpetrated by Defendant, would start as early as 8:30 AM and continue throughout the day;

19. At no time did Defendants ever send a validation notice to Plaintiff, thus failing to fully and properly inform Mr. Drabkin of his rights as required by statute;

20. The Plaintiff has suffered and continues to suffer actual damages as result of the Defendant's unlawful conduct;

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continuous to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment;

22. On or about February 7, 2016, in an effort to collect on the RETRO FITNESS AVENUE Y obligation, Defendant sent Plaintiff a collection letter.

23. Said letter constitutes a "communication" as defined by 15 U.S.C. § 1692a(2).

24. As set forth in the following Counts, Defendat violated the FDCPA.

## COUNT I
## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692e, *et seq*

25. Plaintiff repeats, reiterates and incorporates the allegations contained in all prior paragraphs herein with the same force and effect as if the same were set forth at length herein.

-4-

26. Defendant engaged in in false, deceptive, or misleading representation or means in connection with the collection of any debt pursuant 15 U.S.C. § 1692 (e).

27. While 15 U.S.C. § 1692 (e) specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

28. 15 U.S.C. § 1692e(14) specifically prohibits the use of any business, company, organization name other that the true name of the debt collector's business, company, or organization.

29. Defendant's February 7, 2016 E-mail Letter bears the name RETRO FITNESS AVENUE Y as the sender.

30. Defendant is a completely separate entity than Retro Fitness Avenue Y.

31. Retro Fitness Avenue Y contracted Defendant to collect its alleged debt.

32. Defendant violated 15 U.S.C. § 1692e(14) by sending Plaintiff a collection letter bearing the name of its creditor, so as to deceive Plaintiff into believing that he was being contacted directly by his creditor.

33. Defendant intentionally provided Plaintiff with false information in violation of the FDCPA.

34. Defendant's misrepresentations are "material" in nature as that term is defined and used by the FDCPA.

35. As such, Defendant violated the FDCPA.

## COUNT II
## VIOLATIONS OF THE FCRA 15 U.S.C. § 1692g

36. Plaintiff repeats, reiterates and incorporates the allegations contained in all prior paragraphs herein with the same force and effect as if the same were set forth at length herein.

37. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

38. The written notice must contain a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

39. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

40. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the

consumer with the name and address of the original creditor, if different from the current creditor.

41. An initial demand letter absent a proper validation notice is a violation of 15 U.S.C. § 1692(g).

42. An initial demand letter must inform the least sophisticated consumer of her right to dispute the alleged debt.

43. Defendant's notice included the validation notice language.

44. Nonetheless, Defendant violated 15 U.S.C. § 1692(g) by effectively overshadowing the validation notice with other more prominent language on the letter it sent to Plaintiff.

45. Furthermore, said Letter states: *"If we do not receive payment or new drafting information within (5) days to bring your membership current, we will recommend our client take further action to collect the entire balance due on your membership. These actions could include but are not limited to forwarding your membership to a collection agency or taking formal legal action against you"* (See Exhibit 1)

46. In reality, Plaintiff is afforded 30 days to determine whether or not the charges are valid against him. As such, Defendant deceitfully pressured Plaintiff into taking action prior to the 30 days that Plaintiff was afforded by the FDCPA.

46. As such, the validation notice is inconspicuous and effectively overshadowed, in violation of 15 U.S.C. § 1692(g), *et seq.*

## COUNT III
## 15 U.S.C. §§ 1692(e), 1692(f)

47. Plaintiff repeats, reiterates and incorporates the allegations contained in all prior paragraphs herein with the same force and effect as if the same were set forth at length herein.

48. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violated various provisions of the FDCPA, including but not limited to §§ 1692(e) and (f).

49. 15 U.S.C. § 1692e(2)(A) prohibits debt collectors from making a false representation regarding the character, amount, or legal status of any debt.

50. Defendant's Letter to Plaintiff states that Plaintiff owes Defendant a "Late Charge" and a "Service Charge" in the amount of $19.00 and $19.50, respectively.

51. Such charges are neither expressly authorized by the agreement creating the debt, nor permitted by law.

52. Such Charges are prohibited by 15 U.S.C. § 1692f(1).

53. Defendant has violated 15 U.S.C. § 1692(f) by charging a "Late Charge" and a "Service Charge."

54. In any event, the notification and collection of said Charges is unlawful. See e.g. *Shami v.National Enter. Sys.*, 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010) (the Court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2). The complaint involved a collection letter including the language "you can now pay by automated phone system…or on the internet. "A processing fee will be charged if you use the automated phone system or the internet to make payment on this account."), *McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham*, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (Plaintiff states a viable FDCPA claim by alleging that Defendant collected or attempted to collect a $4.24 payment Charge not expressly authorized by the agreement creating the debt); *Quinteros v. MBI Assocs.*, 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb.27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone).

55. Defendant's Charge demand is in violation of 15 U.S.C. §§ 1692e(2) and 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

56. 15 U.S.C. § 1692(f) prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless

such amount is expressly authorized by the agreement creating the debt or permitted by law.

57. Defendant attempted to collect an amount in excess of which it was authorized to collect by charging a Charge in violation of the FDCPA.

58. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

59. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692(e) and (f) *et seq*. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## TRIAL BY JURY

60. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

- for an award of actual damages Defendant and for Plaintiff;
- for an award of statutory damages against Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff;

- for an award of pre-judgment and post-judgment interest;

- for such other and further relief as may be just and proper.

Dated: March 23, 2016

Respectfully submitted,

　　/s/ Mikhail Usher
Mikhail Usher, Esq.
USHER LAW GROUP, PC.
Attorneys for Plaintiff
2711 Harway Avenue
Brooklyn, New York 11214
Telephone: (718) 484-7510
Facsimile: (718) 865-8566
MUSHERESQ@GMAIL.COM

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF NEW YORK )
                                 ) ss
COUNTY OF _____ )

Plaintiff Daniel Drabkin, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
DANIEL DRABKIN

Subscribed and sworn to before me
this 29 day of March, 2016.

_____
Notary Public

MIKHAIL USHER
NOTARY PUBLIC-STATE OF NEW YORK
No. 02US6270684
Qualified in Kings County
My Commission Expires October 22, 2016